PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2001 Kia Rio struck a hole as she was driving on Enterprise Drive in Braxton County. Enterprise Drive is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 3:00 p.m. on May 4,2007. Enterprise Drive is a two-lane road with center lines and white edge lines, and the posted speed limit is thirty-five miles per hour. Claimant testified that she was traveling from her home, which is located on Enterprise Drive, towards Gassaway. She was driving at approximately thirty miles per hour at the bottom of the hill, where *193 Enterprise Drive intersects with W.Va. Route 4, when her vehicle struck a hole located near the drainage ditch in the middle of the right lane of traffic. She explained that there was a piece of cement missing from the drainage ditch, causing her tire to fall into the hole. Her vehicle also struck the piece of cement that was protruding from the road surface. Claimant travels on Enterprise Drive on a regular basis because it is the only means of ingress and egress from her home. Claimant testified that she was aware of the hole at this location before the day in question, and she stated that her vehicle had struck the hole on two prior occasions. On this particular occasion, she stated that there was no oncoming traffic. As a result of this incident, claimant’s vehicle sustained damage to its front suspension, steering gear and linkage, and alignment and in the amount of $283.44. Claimant’s insurance deductible is $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition of the road on Enterprise Drive. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck, and that it presented a hazard to the traveling public. The hole’s location on the travel portion of the road leads the Court to conclude that respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since she was aware of the road condition and should have stopped her vehicle to avoid the hole. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals twenty-percent (20%) of her loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover eighty-percent (80%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $226.76.
Award of $226.76.